IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CR-21-00259-JD-002 |
| ) | |
| STANLEY JONES, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Defendant Stanley Jones, appearing *pro se*, filed a letter with the Court on February 12, 2024, indicating he wanted to file a motion to the court and referencing Amendment 821. [Doc. No. 173]. The Court construes this letter ("Motion") as a request for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive application of Amendment 821 to the United States Sentencing Guidelines. *See id.*; *see also* [Doc. No. 178]. The United States responded to the Motion [Doc. No. 180], and the United States Probation Office ("USPO") filed a Preliminary Report for Consideration of Sentence Reduction Based on Amendment 821 ("Preliminary Report") [Doc. No. 174].

For the reasons stated below, the Court dismisses the Motion for lack of jurisdiction. Amendment 821 does not have the effect of lowering Mr. Jones' applicable guideline range, and thus, no reduction is authorized.

**I.     BACKGROUND**

On November 30, 2021, Mr. Jones entered a plea of guilty to the two-count Superseding Information charging him with drug conspiracy (Count 1), in violation of 21

U.S.C. § 846, and felon in possession of a firearm (Count 2), in violation of 18 U.S.C. § 922(g)(1). [Doc. Nos. 50, 63–68]. On July 28, 2022, the United States Probation Office filed the Final Presentence Investigation Report ("PSR"). [Doc. No. 107].

Counts 1 and 2 were grouped pursuant to USSG § 3D1.2(c). PSR at ¶ 25. Count 1 carried the higher adjusted offense level; thus, the adjusted offense level of 34 was used for guideline purposes. *See id.* at ¶¶ 32, 39–40; *see also* USSG § 3D1.3(a). After applying the three-level reduction for acceptance of responsibility, the PSR calculated a total offense level of 31 for the grouped offenses. PSR at ¶¶ 42–44.

The PSR calculated a total criminal history score of 18 for Mr. Jones, placing him in a criminal history category of VI. *See id.* at ¶ 63. He was assessed an additional two "status points" because he committed the instant offense while under two criminal justice sentences imposed by the Oklahoma County District Court. *See id.* at ¶¶ 56, 58, 62. Based on a total offense level of 31 and a criminal history category of VI, Mr. Jones' advisory guideline range for imprisonment was 188 months to 235 months. *See id.* at ¶ 96.

At the sentencing hearing held on October 4, 2023, the Court adopted the PSR with one change. [Doc. No. 163 at 1]. The Court concluded that the stipulated drug amount (453 grams of a mixture or substance containing a detectable amount of methamphetamine) in the Plea Agreement should be used to calculate the guidelines. *See id.*; *see also* Plea Agreement [Doc. No. 65 at 8]. Thus, the base offense level for Count 1 was reduced from 30 to 28, thereby reducing the greater adjusted offense level from 34 to 32, and the total offense level from 31 to 29. [Doc. No. 163 at 1]. As a result, Mr. Jones'

advisory guideline range for imprisonment became 151 months to 188 months. *See id.* The Court sentenced Mr. Jones to a term of imprisonment of 114 months as to Counts 1 and 2, to be served concurrently with each other and any anticipated custodial sentence received from parole violations in Oklahoma County Case Nos. CF-2011-7000, CF-2012-2894, and CF-2012-4723. Judgment at 2 [Doc. No. 162].

## II.   DISCUSSION

Congress has authorized courts to modify prison sentences only under limited circumstances. *See* 18 U.S.C. § 3582(c); *United States v. Mendoza*, 118 F.3d 707, 709 (10th Cir. 1997) (explaining that district courts lack inherent authority to modify a previously imposed sentence absent statutory authorization); *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (recognizing that a "district court is authorized to modify [the defendant's] sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so").

One basis of authority is 18 U.S.C. § 3582(c)(2), which allows for a possible sentence reduction for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). In such a case, the Court "may" reduce a sentence if doing so would be consistent with the factors in 18 U.S.C. § 3553(a) and consistent with the applicable policy statements issued by the Sentencing Commission. *See id.*

"Section 3582(c)(2) prescribes a two-step process." *United States v. Battle*, 706 F.3d 1313, 1317 (10th Cir. 2013). At step one, the district court must follow the

Sentencing Commission's "'instructions in [USSG] § 1B1.10 to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized.'" *United States v. Piper*, 839 F.3d 1261, 1266 (10th Cir. 2016) (quoting *Dillon v. United States*, 560 U.S. 817, 827 (2010)); *see United States v. White*, 765 F.3d 1240, 1245 (10th Cir. 2014) (explaining that the first step, "a matter of law, is whether a sentence reduction is even *authorized*"). At step two, the district court considers whether such reduction "'is warranted in whole or in part'" based on the applicable § 3553(a) factors and policy statements. *Piper*, 839 F.3d at 1266; *see White*, 765 F.3d at 1245 (explaining that the second step, "a matter of discretion, is whether an authorized reduction is in fact *warranted*"). Additionally, the district court "'may consider' the defendant's post-sentencing conduct." *United States v. Osborn*, 679 F.3d 1193, 1195 (10th Cir. 2012) (quoting USSG § 1B1.10, cmt. n.1(B)(iii)). Section 3582(c)(2), however, does not provide a new sentencing proceeding. *See Piper*, 839 F.3d at 1266 (explaining that § 3582(c)(2)'s process "authorize[s] only a limited adjustment to an otherwise final sentence and not a plenary resentencing proceeding" (internal quotation marks and citations omitted)).

If a retroactive amendment to the guidelines "does not have the effect of lowering the defendant's applicable guideline range," a reduction in the defendant's sentence is inconsistent with the Sentencing Commission's policy statements and not authorized by § 3582(c)(2). USSG § 1B1.10(a)(2)(B). "Accordingly, a reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c)(2) and is not consistent with [the Commission's] policy statement if . . . an amendment . . . is

4

applicable to the defendant but the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision." USSG § 1B1.10, cmt. n.1(A).

Based on the Court's review of the parties' submissions and the USPO's Preliminary Report, the Court finds that Mr. Jones is not eligible for a sentence reduction under Part A of Amendment 821. Relevant here, under Part A, the defendant's "status points" are decreased by one if the defendant has seven or more criminal history points, and the defendant's "status points" are eliminated if the defendant has six or fewer criminal history points. *See* USSG Suppl. to App. C, Amend. 821 (Part A). Applying Part A of Amendment 821, Mr. Jones' "status points" would be decreased by one, resulting in a criminal history score of 17, which still corresponds to a criminal history category of VI. Consequently, Mr. Jones would still have a total offense level of 29 and a criminal history category of VI, resulting in the same advisory guideline imprisonment range he was originally assessed—151 months to 188 months.

Because application of Part A of Amendment 821 concerning "status points" does not have the effect of lowering Mr. Jones' applicable guideline range, a reduction of his sentence would be inconsistent with the Sentencing Commission's policy statement in § 1B1.10(a)(2)(B) and unauthorized under § 3582(c)(2).[1] Thus, this Court lacks jurisdiction under § 3582(c)(2) to modify Mr. Jones' sentence and dismisses the Motion.

---

[1] Mr. Jones' criminal history points also make him ineligible for a sentence reduction under Part B of Amendment 821. *See* USSG Suppl. to App. C, Amend. 821 (Part B) (zero-point offenders).

5

*See White*, 765 F.3d at 1250 (explaining that where a defendant is "ineligible to receive a sentence reduction under § 3582(c)(2), . . . dismissal for lack of jurisdiction rather than denial on the merits is the appropriate disposition"); *see also United States v. Angulo-Lopez*, 755 F. App'x 811, 813 (10th Cir. 2018) (unpublished) (affirming the district court's dismissal for lack of jurisdiction where Amendment 782 did not affect the defendant's guideline range).

### III.   CONCLUSION

Accordingly, Defendant Stanley Jones' *pro se* motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821 to the United States Sentencing Guidelines [Doc. No. 173] is DISMISSED for lack of jurisdiction.

IT IS SO ORDERED this 10th day of May 2024.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE